## No. 724

### AMERICAN FUEL CO. et v. WATERS et.

Ohio Appeals, 9th Dist., Summit Co.

No. 1117. Decided Nov. 24, 1926.

First Publication of this Opinion.

645. INSOLVENCY. — 1. Deed given in contemplation of insolvency and with design to prefer one creditor to exclusion of others, void under 11104 GC.

2. Error for court to sustain deed as to consideration given, and (property having sold in a partition proceeding for more than that sum) to hold excess to be applied on grantor's other indebtedness.

Error to Common Pleas.
Judgment reversed.

C. L. Dinsmore and H. A. Whittemore, Akron, for Fuel Co.

Otis, Beery & Sheppard, Akron, for Watters.

### FULL TEXT

PER CURIAM:

In the lower court the plaintiffs in error claimed that a deed executed and delivered by T. Frederick Watters on Sept. 2, 1925, to defendant Chloe M. Watters, for the real estate therein described, was given in contemplation of insolvency and with the design to prefer the said Chloe M. Watters to his other creditors, and that she accepted the same with full knowledge thereof.

In the lower court the deed was sustained as to the consideration claimed to have been given for said property, to-wit: $7,500; and the property having been sold in a partition proceeding for more than that sum, the excess was held to be applied on the grantor's other indebtedness.

Chloe M. Watters testified that she knew that the cognovit judgments in question against T. Frederick Watters had been taken, and that she waited until she knew the judgments had been "wiped out," the bill of exceptions showing that the judgments referred to had been vacated, and the said T. Frederick Watters given leave to file answers and contest the liability on said notes.

The evidence further shows that the property thus conveyed to said Chloe M. Watters was the only property owned by said grantor, T. Frederick Watters, and that he had other valid indebtedness, and that if the defendant retains said property or all of the avails thereof, the other creditors of said T. Frederick

Watters would not be paid; and if she retains $7,500 of the avails thereof, they will be prevented from sharing in said avails in their proper proportion.

In our opinion, the bill of exceptions clearly shows that T. Frederick Watters, at the time he delivered said deed, intended to prefer the said grantee to his other creditors, and we are further satisfied from the testimony of Chloe M. Watters and the other testimony in the bill of exceptions, that the said grantee Chloe M. Watters knew of his other indebtedness and that she accepted said deed for the purpose of having a preference for her debt over the debtor's other creditors.

The evidence clearly showing that said deed was given in contemplation of insolvency and with the design to prefer one of his creditors to the exclusion of others, and therefore void under GC. Sec. 11104, the judgment of the lower court is reversed; and proceeding to render the judgment which that court should have rendered, said deed is declared void and set aside, and this cause is remanded to the Common Pleas Court with instructions to appoint a receiver to take charge of the avails of said property now impounded with the clerk of courts of said county and administer the same according to law for the benefit of all the creditors of said T. Frederick Watters.

(Pardee, PJ., Washburn, J., and Funk, J., concur.)